UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVIS IGLESIAS,

                Plaintiff,                           **MEMORANDUM AND ORDER**
                                                                                19-CV-4877 (RRM) (CLP)
    -against-

PAROLE OFFICER HUNTER, *et al.*,

                Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

       Plaintiff Davis Iglesias brings this *pro se* § 1983 action alleging a violation of his constitutional rights arising out of disputes with parole officers. For the reasons set forth below, the complaint is dismissed and plaintiff is granted 30 days' leave from the date of this Order to file an amended complaint.

## BACKGROUND

       The following facts are drawn from Iglesias's complaint and are assumed to be true for the purposes of this Order.

       Iglesias alleges that on June 15, 2019, while out on parole, he was directed to bring his fiancée to meet with his parole officer, who is identified in the complaint only by her last name "Hunter." (Complaint ("Compl.") (Doc. No. 1) at 5.)[1] Officer Hunter allegedly told Iglesias to bring his fiancée "into her office to approve [Davis and his fiancée] living together in a shared room given to [Iglesias and his fiancée] by the Department of [H]omeless [S]ervices." (*Id.*) According to Iglesias, Hunter and her colleagues, parole officers Granum and Jeffreys, separated Iglesias from his fiancée, showed the fiancée Iglesias's criminal record, told her that Iglesias was a "bad man," and encouraged her to "take an abortion pill." (*Id.* at 4–5.) The parole officers also

---

[1] All page numbers refer to pagination assigned by the Court's Electronic Case Filing System.

allegedly told Iglesias that his fiancée, who was 19 years old at the time, was "too young" for him. (*Id.* at 5.)

Iglesias's complaint briefly describes a separate incident on July 8, 2019, as well, in which Officer Hunter allegedly issued him a "parole violation warrant for breaking curfew [even though he] was at [his] D.H.S. approved shared room." (Compl. at 5.) Iglesias seeks the return of the room provided to him by the Department of Homeless Services as well as money damages. (*Id.* at 6.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.

*See Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

### I. Iglesias's Constitutional Claims

"Parolees are . . . not without constitutional rights." *United States ex rel Sperling v. Fitzpatrick*, 426 F.2d 1161, 1164 (2d Cir. 1970). However, parolees such as Iglesias are subject to "restrictions not applicable to other citizens," and a prisoner on parole enjoys only "conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also United States v. Polito*, 583 F.2d 48, 54 (2d Cir. 1978) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom . . . ." (internal quotation marks omitted) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963))); *Gerena v. Pezdek*, No. 13-CV-953, 2015 WL 513145, at *3 (N.D.N.Y. Feb. 6, 2015) ("Probationers and parolees, simply by virtue of their status . . . enjoy only a conditional liberty dependent on their adherence to special probation restrictions."); *see also* N.Y. Comp. Codes. R. & Regs. tit. 9, § 8003.3 ("A special condition may be imposed upon a [parolee] either prior or subsequent to release . . . . Each special condition may be imposed by a member of the Board of Parole, an authorized representative of the division of parole, or a parole officer," memorialized by "a written copy of each special condition imposed.").

To the extent that a state parolee's conditions of release implicate his constitutional rights, those conditions are not subject to review by a federal court "in the absence of a showing that the [parole] board or its agents acted in an arbitrary and capricious manner." *Boddie v. Chung*, No. 09-CV-4789, 2011 WL 1697965, at *2 (E.D.N.Y. May 4, 2011) (citing *Robinson v.*

3

*Pagan*, No. 05-CV-1840, 2006 WL 3626930, at *1 n.2 (S.D.N.Y. Dec. 12, 2006)); *see also Singleton v. Doe*, No. 14-CV-0303, 2014 WL 3110033 at *3 (E.D.N.Y. July 7, 2014) ("[T]he imposition of conditions—whether imposed prior to or subsequent to release, by the parole board or a field parole officer—must be upheld as long as they are reasonably related to a parolee's past conduct, are not arbitrary and capricious, and are designed to deter recidivism and prevent further offenses." (internal citations omitted)); *Muhammad v. Evans*, No. 11-CV-2113, 2014 WL 4232496, at *9 (S.D.N.Y. Aug. 15, 2014) ("In the Second Circuit, special restrictions on a parolee's rights are upheld where they are reasonably and necessarily related to the interests that the Government retains after his conditional release." (internal quotation marks and citations omitted)); *Walker v. Mattingly*, No. 09-CV-845, 2012 WL 1160772, at *18 (W.D.N.Y. Apr. 5, 2012) ("[T]he Parole Board's discretionary imposition of special conditions is not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner.").

      Iglesias argues that his treatment by the defendant parole officers violated his rights under the Eighth Amendment to the Constitution. Yet the plaintiff pleads no facts regarding the conditions of his parole. Without such facts, the Court cannot determine whether the parole officers' treatment of Iglesias in light of the conditions of his parole was "arbitrary and capricious" – or whether the conditions themselves were "arbitrary and capricious." *Boddie v. Chung*, No. 09-CV-4789, 2011 WL 1697965, at *2 (E.D.N.Y. May 4, 2011). For instance, the Court cannot determine whether Iglesias was entitled to remain in the shared room provided by the Department of Homeless Services without first understanding the conditions of Iglesias's parole.

The only allegation in Iglesias's complaint not plausibly related to the conditions of his release is his allegation that that parole officers encouraged his fiancée to have an abortion. While this is certainly cause for concern, Iglesias's fiancée is not a party to this action and Iglesias pleads no facts establishing how this encouragement injured *him*, as opposed to his fiancée, as is required to bring a claim against based on this alleged conduct. Iglesias thus pleads insufficient facts to state a § 1983 claim with respect to any of the conduct he alleges.

## II.     Leave to Amend

A Court generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, the Court grants Iglesias 30 days' leave from the date of this Order to amend his complaint. Should Iglesias choose to file an amended complaint, he should provide detail regarding the conditions of his parole at the time of the alleged encounters with parole officers, and clearly state the basis for his constitutional challenge to the officers' conduct. Iglesias is encouraged to attach any relevant documents to his amended complaint.

Iglesias is informed that an amended complaint will replace the prior complaint in this action and thus must stand on its own, without reference to the prior complaint. Therefore, Iglesias must include in the amended complaint all necessary information that was contained in the prior complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

## CONCLUSION

Iglesias's complaint is dismissed for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B)(ii),1915A. Iglesias is granted 30 days' leave to file an amended complaint. Should Iglesias fail to file an amended complaint within 30 days of the date of this Order, or fail

to correct the deficiencies identified herein, judgment may enter against him.  The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and to note the mailing on the docket.

                                                   SO ORDERED.

Dated: Brooklyn, New York
       January 11, 2021                       *Roslynn R. Mauskopf*

                                              ROSLYNN R. MAUSKOPF
                                              Chief United States District Judge